**Mark J. HOFFMAN, Plaintiff,**

v.

**CARGILL, INCORPORATED, Defendant.**

**No. C 97–3015–MWB.**

United States District Court, N.D. Iowa, Central Division.

June 7, 2001.

### ORDER CONFIRMING ARBITRATION AWARD

BENNETT, Chief Judge.

This matter comes before me pursuant to reversal by the Eighth Circuit Court of

Appeals, *see Hoffman v. Cargill, Inc.*, 236 F.3d 458 (8th Cir.2001), of my August 2, 1999, decision in this case, which was published at 59 F.Supp.2d 861. In the August 2, 1999, decision, I concluded, *inter alia*, that Hoffman had established that the arbitration award was "completely irrational" and that the arbitration proceedings under the NGFA arbitration rules were not "fundamentally fair." Therefore, I denied Cargill's motion to confirm the arbitration award and instead granted Hoffman's motion to vacate the award. However, the Eighth Circuit Court of Appeals reversed my decision and remanded with instructions to confirm the arbitration panel's award favoring Cargill. *See Hoffman*, 236 F.3d at 463.

I will, of course, unflinchingly follow the mandate of the Eighth Circuit Court of Appeals in this case. However, as George Bernard Shaw once wrote, "All great truths begin as blasphemies." I believe that among the things lost in the decision of the Eighth Circuit Court of Appeals are fundamental fairness and legal principles concerning adhesion contracts in a case involving arbitration between an individual farmer and one of the largest grain dealers in the world. If anyone thinks that Mark Hoffman had any possible hope of negotiating the arbitration clause out of his boilerplate agreement with Cargill, then that person lives in a world different from the one I perceive.

While I agree with the appellate panel that "[a]rbitration is not a perfect system of justice, nor i[s] i[t] designed to be," *Hoffman*, 236 F.3d at 462, I believe that, at a minimum, arbitration should not be fundamentally unfair, which I continue to believe it so clearly was in this case. In light of what is likely to be a rising tide of arbitration of disputes in our society, *see, e.g., Circuit City Stores v. Adams*, 532 U.S. ——, 121 S.Ct. 1302, 149 L.Ed.2d 234

(2001), there is a real potential that literally hundreds of thousands of citizens will be deprived of their Seventh Amendment right to trial by jury in federal courts by insertion of arbitration clauses in what are often, in my view, classic adhesion contracts. In these circumstances, courts should be particularly vigilant not to abdicate their responsibility to review arbitration proceedings for rationality and fundamental fairness. It is my fervent hope that the views expressed in my opinion about why fundamental fairness was so sorely lacking here, while deemed by the Eighth Circuit Court of Appeals to be nearly blasphemous, will someday be recognized for their truth.

Therefore, it is with distaste, but without hesitation, that I now confirm the arbitration panel's award favoring Cargill and direct that judgment enter accordingly.

**IT IS SO ORDERED.**